OPINION
In this accelerated calendar case, submitted on the record and briefs of the parties, appellant, Michael Longfellow, appeals from the Ashtabula County Court of Common Pleas judgment denying a motion filed by Longfellow. For the reasons discussed herein, we affirm the decision of the trial court. Initially, we must note that Longfellow has incorrectly characterized his own motion as a "complaint" which subsequently led to further errors of analysis. Longfellow filed with the court a "Complaint to Accept Jurisdiction" over his divorce decree, so that he could file further motions related to the divorce. Consequently, on appeal, he claims the court improperly dismissed his complaint sua sponte, and without a hearing, pursuant to Civ.R. 41(B)(1).
 Longfellow and Lisa Ezzell were divorced in the state of Texas on June 15, 1989. Longfellow is a resident of Ashtabula County, Ohio. Ezzell and the children moved to the state of Nevada in 1993. Neither she nor the children have ever been residents of the state of Ohio. On May 10, 1995, Ezzell had their divorce decree registered in the state of Nevada, whereupon the Nevada courts assumed jurisdiction over the decree and a motion to modify custody and visitation rights was litigated. On September 7, 1995, the parties filed a "Stipulation to Modify Decree of Divorce", which was adopted by the Nevada court on September 12, 1995. Both parties were represented by counsel. The record indicates that, at that time, Longfellow did not raise any jurisdictional challenges, and consented to the jurisdiction of the Nevada court.
In 1998, Ezzell filed an action in Ashtabula County, Ohio, to collect child support pursuant to the Uniform Interstate Family Support Act, codified in Chapter 3115 of the Ohio Revised Code. In accordance with R.C. Chapter 3115, the county Child Support Enforcement Agency assisted her in this matter. Subsequently, on November 19, 1998, Longfellow filed his "complaint" in the Ashtabula County Court of Common Pleas requesting the court take jurisdiction over all matters related to the divorce. Within his "Complaint to Accept Jurisdiction," Longfellow stated Ezzell is a resident of the state of Nevada, but Longfellow makes no further reference to the state of Nevada. He does not indicate that the Nevada courts have assumed jurisdiction over the divorce decree, or mention the 1995 stipulated modification. He only states the parties were divorced in Texas and that neither of them resides there anymore. He does not mention the children. He indicates there is a case "related to the divorce" pending in Ashtabula County, and argues that since Ezzell purposely availed herself of the courts of Ashtabula County, that the court should assume jurisdiction over all matters related to the divorce.
Included in Ezzell's response to the "complaint," she submitted to the court certified copies of the Notice of Registration of Foreign Custody Order and the Order Modifying Decree of Divorce from the state of Nevada, and pointed out that the Nevada courts have established jurisdiction. Additionally, she indicated she and the children have resided in Nevada since 1993, a point which Longfellow did not dispute.
On December 7, 1998, the Ashtabula County Court of Common Pleas denied Longfellow's "complaint." The court noted that neither Ezzell nor the children have ever resided in the state of Ohio. The court further pointed out that the case Ezzell v.Longfellow, 98-DR-317, then pending in Ashtabula County, is an action brought under the Uniform Interstate Family Support Act which specifically provides that visitation issues cannot be raised in an action brought under it. Therefore, because the children have never resided in the state of Ohio, the court held it did not have jurisdiction and indicated that Longfellow needs to file his action in the appropriate state.
From this judgment, Longfellow timely filed notice of appeal, assigning the following error:
 "The trial court erred when it sua sponte, dismissed appellant's complaint without notice to the appellant."
 Longfellow claims on appeal that the court dismissed his complaint sua sponte. That is not the case. Complaints are filed against parties. The court is not a party. An application to the court for an order is a motion. The court is required to rule on properly filed motions, but these rulings are not properly characterized as being sua sponte. It is the petitioner, in filing the motion, who asks the court to make a decision. In this case the court denied his motion. Nothing was dismissed, it was decided. Longfellow's argument, which is solely related to the rules for involuntary dismissal of complaints under Civ.R. 41, is inappropriate and irrelevant.
 Longfellow's "Complaint to Accept Jurisdiction" asked the court to resolve the simple question it stated. Within the limitations imposed by R.C. Chapter 3109, courts have considerable discretion to determine whether or not to assume jurisdiction over actions to modify another state's custody decree. See State ex rel. Aycock v Mowrey (1989), 45 Ohio St.3d 347
. We cannot say the court abused its discretion in denying Longfellow's motion based on the record before it. The sole rationale presented by Longfellow upon which the court might assume jurisdiction was that Ezzell brought an action in Ashtabula County to collect child support due. As the court noted, an action to collect support payments under the Uniform Interstate Family Support Act does not extend the court's jurisdiction to other matters.
In contrast, R.C. 3109.22 sets forth the jurisdictional requirements necessary for an Ohio court to make parenting determinations relative to a child. Nothing in the record indicates that any of these criteria were met. None were met. The record indicates that jurisdiction currently lies in the state of Nevada. R.C. 3109.30(B) requires courts in Ohio to recognize and enforce decrees of foreign courts of competent jurisdiction. The record indicated Longfellow had previously submitted to the jurisdiction of the Nevada courts, and that he never challenged their jurisdiction. R.C. 3109.31(A) proscribes courts of this state from modifying such decrees unless it presently appears that the foreign court no longer has jurisdiction. The record indicates Nevada continues to have jurisdiction. Furthermore, even if the court were incorrect in deciding it did not have jurisdiction, under R.C. 3109.25 the court had the authority to dismiss the cause under its own motion upon making a finding of inconvenient forum. The court stated facts in its judgment entry consistent with such a finding. Any resultant error in its judgment would consequently be harmless pursuant to Civ.R. 61.
The decision of the trial court is affirmed.
FORD, P.J., CHRISTLEY, J., concur.